Bruce A. Schoenberg (BAS8028)
MORITT HOCK & HAMROFF LLP
1407 Broadway, 39th Floor
New York, New York 10018
(212) 239-2000
Attorneys for Plaintiff
  McKesson Corporation

Jeffrey Garfinkle
Scott O. Smith
BUCHALTER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
(949) 224-6254
  Pro Hac Vice Application
  To Be Submitted

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MCKESSON CORPORATION,** **a Delaware Corporation,**<br><br>                                     Plaintiff,<br><br>              -against-<br><br>**JANAKIRAM AJJARAPU,** an individual,<br><br>                                     Defendant. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff McKesson Corporation, Delaware Corporation with its principal place of business located at One Post Street, San Francisco, CA 94104 ("Plaintiff"), acting by and through its counsel, Moritt Hock & Hamroff LLP and Buchalter P.C., files this Complaint against defendant Janakiram Ajjarapu a New Jersey citizen residing at 1 Tiffany Way, Warren, New Jersey 07059 ("Ajjarapu"), and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is based on 28 U.S.C. §1332, in that this is a civil action between citizens of different states, and in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) because defendant Ajjarapu resides in this judicial district and 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district.

## THE PARTIES

3. Plaintiff, at all relevant times, was and is a Delaware corporation with headquarters located in San Francisco, California.

4. Ajjarapu is an individual residing in the state of New Jersey.

## GENERAL ALLEGATIONS

5. On or about October 12, 2016, and November 3, 2016, Park Irmat Drug Corporation dba Irmat Pharmacy ("Irmat"), Gideon's Drug, Inc. dba Gideon's Drugs ("Gideon's"), Buena Care Pharmacy, Inc. dba EZ Rx Pharmacy & Compounding ("Buena Care") and 520 Franklin Avenue Pharmacy, Inc. dba 520 Franklin Avenue Pharmacy (individually, "520 Franklin," and collectively with Irmat, Gideon's and Buena Care, the "Companies") each applied for credit with Plaintiff, and its affiliated companies (collectively, "McKesson"), for their respective purchase of products from McKesson for which the Companies each agreed to be bound by the Standard Terms of Sale published by McKesson as shown on McKesson's invoices or statements or by any written agreement or terms of sale with McKesson governing each of the Companies account. Further, each of the Companies agreed to pay for all their purchases, fees and other charges incurred by them or an authorized user on account of the Companies, including

service charges on past due amounts at the highest rate permitted by law. Based thereon, McKesson extended credit to each of the Companies for their respective purchase of products. A redacted copy of each of the Companies' Customer Application dated October 12, 2016 (collectively, "Credit Applications") are attached collectively as **Exhibit 1**.

*Irmat Obligation*

6. On or about March 10, 2017, to repay its then outstanding indebtedness for the purchase of products, Irmat, executed and delivered to Plaintiff a Negotiable Note (Fixed-Rate/Secured) ("Irmat Note") in the sum of $3,765,988.26, a copy of which is attached as **Exhibit 2**. Pursuant to the terms of the Irmat Note, Irmat promised to repay to Plaintiff the principal plus interest in installments as set forth in said Note starting on May 1, 2017, with a final installment due on May 1, 2019, when the outstanding principal amount and any unpaid accrued interest is due and payable.

7. Monetary defaults under the Irmat Note occurred, and, as a result, there is now due, owing and payable to Plaintiff from Irmat in accordance with the terms of said note the sum of $3,819,764.76, plus accruing interest and late charges pursuant to the terms of said note, according to proof at time of trial or entry of judgment.

*Gideon's Obligation*

8. On or about March 10, 2017, to repay its then outstanding indebtedness for the purchase of products, Gideon's, executed and delivered to Plaintiff a Negotiable Note (Fixed-Rate/Secured) ("Gideon's Note") in the sum of $4,782,195.67, a copy of which is attached as **Exhibit 3**. Pursuant to the terms of the Gideon's Note, Gideon's promised to repay to Plaintiff the principal plus interest in installments as set forth in said Note starting on May 1, 2017, with a

final installment due on May 1, 2019, when the outstanding principal amount and any unpaid accrued interest is due and payable.

9. Monetary defaults under the Gideon's Note occurred, and, as a result, there is now due, owing and payable to Plaintiff from Gideon's in accordance with the terms of said note the sum of $4,782,195.67, plus accruing interest and late charges pursuant to the terms of said note, according to proof at time of trial or entry of judgment.

*Buena Care Obligation*

10. On and after October 12, 2016, McKesson and Buena Care entered into a series of agreements evidenced by written invoices ("Buena Care Invoices"), whereby McKesson agreed to sell and Buena Care agreed to purchase and pay for products (collectively, the "Buena Care Goods"). During this time, McKesson shipped the Buena Care Goods to Buena Care pursuant to the Buena Care Invoices.

11. To secure repayment of the indebtedness of Buena Care for the Goods under the Buena Care Invoices, Plaintiff was granted a security interest in certain personal property assets of Buena Care (the "Buena Care Collateral").

12. Buena Care failed to make the required payments under the Buena Care Invoices when due and breached the terms of said invoices (the "Buena Care Invoice Debt"). As a result, on December 18, 2017, Plaintiff sold the Buena Care Collateral at a public sale in accordance with the California Uniform Commercial Code ("UCC Disposition"). The proceeds of the UCC Disposition were insufficient to satisfy the Buena Care Invoice Debt.

13. There is now due, owing and unpaid to McKesson from Buena Care the sum of $50,319.40, together with interest from the due date of each Buena Care Invoice and other fees

and charges pursuant to the terms of the Invoices, according to proof at time of trial or entry of judgment.

*520 Franklin Obligation*

14. On and after November 3, 2016, McKesson and 520 Franklin entered into a series of agreements evidenced by written invoices ("520 Franklin Invoices"), whereby McKesson agreed to sell and 520 Franklin agreed to purchase and pay for products (collectively, the "520 Franklin Goods"). During this time, McKesson shipped the 520 Franklin Goods to 520 Franklin pursuant to the 520 Franklin Invoices

15. There is now due, owing and unpaid to McKesson from 520 Franklin the sum of $554,661.68, together with interest from the due date of each 520 Franklin Invoice and other fees and charges pursuant to the terms of the Invoices, according to proof at time of trial or entry of judgment

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract - Guaranty)**

16. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 15, inclusive, of the Complaint as if those allegations were set forth herein.

17. On or about October 10, 2016, and November 3, 2016, Ajjarapu executed and delivered to Plaintiff his guaranty for the payment and performance of the indebtedness and obligations of the Companies (collectively, "Guaranties"), a copy of which is found on page 2 of each of the Credit Applications, **Exhibit 1.** The Irmat Note, Gideon's Note, Buena Care Invoices and 520 Franklin Invoices constitute the obligations as defined in said Guaranties. Plaintiff accepted the Guaranties and, in reliance thereon, extended credit to the Companies.

18. Although payment for the unpaid indebtedness has been demanded, no payment has been made, and Ajjarapu is indebted to Plaintiff pursuant to the terms of the Guaranties in the aggregate sum of $9,206,941.30, together with unpaid accrued interest, late charges, and other fees and charges, according to proof at time of trial or entry of judgment.

## SECOND CLAIM FOR RELIEF
### (Money Due)

19. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 18, inclusive, of the Complaint as if those allegations were set forth herein.

20. Within the last four years, Ajjarapu became indebted to Plaintiff in the aggregate sum of $9,206,941.30 for money due to Plaintiff by Ajjarapu for his benefit and at its request.

21. Although payment for the unpaid balance has been demanded, there is due, owing and unpaid from Ajjarapu to Plaintiff the aggregate sum of $9,206,941.30, plus interest at the legal rate of interest according to proof at time of trial or entry of judgment. Ajjarapu failed and refused, and continues to fail and refuse, to pay any part thereof.

## THIRD CLAIM FOR RELIEF
### (Account Stated)

22. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 21, inclusive, of the Complaint as if those allegations were set forth herein.

23. Within the last four years, an account was stated in writing by and between Plaintiff and Ajjarapu wherein it was agreed that Ajjarapu was indebted to Plaintiff in the aggregate sum of $9,206,941.30.

24. Although payment of the unpaid balance has been demanded, and there is now due, owing and unpaid to Plaintiff from Ajjarapu the aggregate sum of $9,206,941.30, plus

interest at the legal rate according to proof at time of trial or entry of judgment. Ajjarapu failed and refused, and continue to fail and refuse, to pay any part thereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against defendant as follows:

On the First, Second and Third Claims for Relief:

1. For damages in the sum of $9,206,941.30, or according to proof; and,
2. For interest, fees and charges, and attorneys' fees as allowed by law, according to proof.

On all Claims for Relief:

3. For costs of suit herein incurred; and,
4. For such other and further relief as the court may deem proper.

Dated: March 22, 2018

        MORITT HOCK & HAMROFF LLP
        1407 Broadway, 39th Floor
        New York, New York 10018
        (212) 239-2000
        Attorneys for Plaintiff
         McKesson Corporation

        s/Bruce A. Schoenberg
        By: Bruce A. Schoenberg

        Jeffrey Garfinkle
        Scott O. Smith
        BUCHALTER
        A Professional Corporation
        18400 Von Karman Avenue, Suite 800
        Irvine, CA 92612-0514
        (949) 224-6254